UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**LORI APPLEGATE**,

        Plaintiff,

v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

        Defendant.

Civil Case No. 3:13-CV-02295-KI

OPINION AND ORDER

    Bruce W. Brewer
    P. O. Box 421
    West Linn, Oregon  97068

        Attorneys for Plaintiff


    Billy J. Williams
    Acting United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Ronald K. Silver
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97201-2902

Sarah Moum
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

On April 22, 2015, I reversed the decision of the Commissioner and remanded the action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing.  I had concluded the ALJ erred by relying on vocational expert ("VE") testimony even though the VE did not explain why the testimony diverged from the DOT concerning the amount of standing/walking in the jobs at issue.  Before the court is Defendant's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) [25].

## DISCUSSION

I.    <u>VE Testimony and the Dictionary of Occupational Titles ("DOT")</u>

The ALJ's residual functional capacity limited her to light work with several additional limitations, including standing and/or walking four hours a day.

After the VE testified the individual could not perform Applegate's past work as a press operator, the ALJ asked if there are additional jobs in the national economy the individual could

perform. The VE responded with the three jobs of food assembler, printed circuit board assembler, and wiring harness assembler. The ALJ then asked:

> Q       Thank you. Now, for a second hypothetical I'd like to keep all of the restriction[s] as in the first, and in addition the person would be limited to four hours of standing and walking–standing and/or walking and–well, let's just go with that. So would that change any of the three jobs that you identified in the previous hypothetical?
>
> A       No, your honor.
>
> Q       So those three jobs could be performed at the four-hour stand/walk limitation?
>
> A       Yes.
>
> . . . .
>
> Q       And has your testimony here today been consistent with the dictionary of Occupational Titles?
>
> A       It has, your honor.

Tr. 58-59.

Citing SSR 83-10, I stated that light jobs require six hours of walking or standing. I also found the two-hour deviation significant enough to require explanation. With nothing to support the statement, I concluded the record failed to contain persuasive evidence to support the deviation from the DOT. Consequently, I found the ALJ erred by relying on VE testimony when the VE did not explain why the testimony diverged from the DOT concerning the amount of standing/walking in the jobs at issue.

The Commissioner argues I committed clear error because, in comparison to SSR 83-10, the DOT does not state that light jobs require six hours of standing and/or walking. The DOT distinguishes light work from sedentary work by three factors:

Page 3 - OPINION AND ORDER

> Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

See, e.g., DOT 001.061-010, Architect.

A job is sedentary if it requires walking and standing only occasionally, defined to mean existing up to one-third of the time, and all other sedentary criteria are met. See, e.g., DOT 201.362-010, Legal Secretary. Thus, a job requiring standing and/or walking more than one-third of the time, or about two and two-thirds hours a day, cannot be sedentary under the DOT definitions and would be at least light work. The Commissioner contends the residual functional capacity limitation of standing and/or walking four hours a day is within the limits of light work under the DOT so the VE did not deviate from the DOT.

Citing SSR 00-4p, Applegate argues an ALJ may not rely on VE evidence that is inconsistent with agency definitions, in this case SSR 83-10, which expressly states that the full range of light work requires standing and/or walking for six hours in a day. The argument is not persuasive; a VE may testify that an individual could perform particular jobs classified as light work even though the person could not perform the *full range* of light work. That is precisely what happened at the hearing–the ALJ even clarified with the VE that the three jobs listed could be performed with the four hour standing and/or walking limitation.

For these reasons, I change my prior ruling and conclude the VE's testimony did not diverge from the DOT concerning the amount of standing/walking in the jobs at issue. Accordingly, the ALJ did not err by relying on the VE's testimony without first determining the

Page 4 - OPINION AND ORDER

reason for a divergence.

II. <u>Transferable Skills and Use of the Medical Vocational Guidelines</u>

Applegate argues I committed clear error by distinguishing her case from <u>Bray v. Comm'r of Soc. Sec. Admin.</u>, 554 F.3d 1219 (9th Cir. 2009), which held the ALJ erred by finding the claimant had transferable skills but failed to articulate a clear basis for the assumption, contrary to SSR 82-41. <u>Id.</u> at 1229. I reviewed my prior analysis and Applegate's argument, but I am not persuaded. Thus, I adhere to my prior ruling.

## CONCLUSION

Defendant's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) [25] is granted. In light of my changed ruling, the ALJ committed no error. Thus, the findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards. For these reasons, the court affirms the decision of the Commissioner. An Amended Judgment will be entered.

IT IS SO ORDERED.

Dated this \_\_\_4th\_\_\_ day of June, 2015.

        /s/ Garr M. King
        Garr M. King
        United States District Judge